

ENTERED
07/30/2020

## UNITED STATES BANKRUPTCY COURT
## SOUTHERN DISTRICT OF TEXAS
## MCALLEN DIVISION

| | | |
|---|---|---|
| IN RE: | § | |
| USA PROMLITE TECHNOLOGY INC | § | CASE NO: 18-36893 |
| Debtor | § | |
| | § | CHAPTER 7 |
| | § | |
| _____ | § | |
| ENVIRO-LITE SOLUTIONS INC | § | |
| Plaintiff | § | |
| | § | |
| VS. | § | ADVERSARY NO. 19-7003 |
| | § | |
| EDINBURG CONSOLIDATED ISD | § | |
| Defendant | § | Judge Eduardo V. Rodriguez |

## <u>MEMORANDUM OPINION</u>

Confronting the Court are ten multipart and intertwining matters: (i) Third Party

Defendant E-Con Group, LLC's ("*E-Con*") Motion for Summary Judgment & Memorandum of

Law in Support;[1] (ii) Third Party Defendant First Class Electrical Services, LLC's ("*First*

*Class*") Motion for Summary Judgment;[2] (iii) Counter-Defendant Enviro-Lite Solutions, Inc.'s[3]

("*Enviro-Lite*") Motion For Summary Judgment;[4] (iv) Debtor And Third Party Defendant USA

Promlite Technology, Inc.'s ("*Promlite*") Motion For Summary Judgment;[5] (v) Defendant and

Counter-Plaintiff Edinburg Consolidated Independent School District's ("*ECISD*") Motion for

Partial Summary Judgment as to its Negligence and Negligence Per Se claims against First

Class;[6] (vi) ECISD's Motion for Partial Summary Judgment and Supporting Memorandum of

Law as to its Breach of Contract claim against Enviro-Lite and Enviro-Lite's Claims against

---

[1] ECF No. 88.

[2] ECF No. 90.  ECF No. 89 was a duplicate filed without proper attachments.

[3] The Court has noticed a large amount of typographical errors within the documents.  One in particular is Enviro-Lite's incorrect designation as a corporation.  *Compare* ECF No. 1 at 1 ("Enviro-Lite Solutions, Inc."), *with id.* at 2 ("Enviro-Lite is a limited liability company"), *and id.* at 4 ("Enviro-Lite Solutions, LLC").

[4] ECF No. 92.

[5] ECF No. 94.

[6] ECF No. 96.

ECISD[7];  (vii) ECISD's Motion for Partial Summary Judgment and Supporting Memorandum of Law as to its Breach of Contract claim against Promlite;[8] (viii) ECISD's Objections To Enviro-Lite Solutions, LLC's Motion For Summary Judgment[9]; (ix) ECISD's Objections To First Class Electrical Services, LLC's Motion For Summary Judgment[10]; and (x) ECISD's Objections To USA Promlite Technology, Inc.'s Motion For Summary Judgment.[11]

## I.        BACKGROUND

Promlite is a corporation organized under Texas that engaged[12] in the business of lighting installation and management services.[13]   Due to two costly pending lawsuits in Hidalgo County, Texas, Promlite filed a small-business chapter 11 petition on December 6, 2018.[14]   Several months later, Promlite sought and obtained a chapter 7 conversion.[15]   On February 11, 2019, Enviro-Lite and First Class removed one of the pending state court lawsuit's to this Court, commencing the instant adversary proceeding.[16]   After engaging in motion practice, the live complaints before the Court are ECISD's Third Amended Complaint,[17] and Enviro-Lite's Fourth Amended Complaint.[18]

The dispute between the parties arises out of materials installed and electrical services performed at several schools within ECISD's jurisdiction.  Enviro-Lite presented a proposal to ECISD for a dimmable LED light retrofit of the existing fluorescent lighting troffers at ECISD's

---

[7] ECF No. 97.
[8] ECF No. 98.
[9] ECF No. 109
[10] ECF No. 110
[11] ECF No. 111
[12] Debtor stated that it discontinued business operations.  *See* Case No. 18-36893, ECF No. 17.
[13] *See* Case No. 18-36893, ECF No. 1.
[14] Case No. 18-36893, ECF Nos. 1, 17.
[15] Case No. 18-36893, ECF Nos. 1, 40, 44.
[16] ECF No. 1.
[17] ECF No. 78.
[18] ECF No. 77.

schools that would allow dimmable LED lights and dimmers to be installed.[19]   Based on the proposal, ECISD entered into a Lighting Installation and Management Contract (the "*Contract*") with Enviro-Lite and Promlite.[20]   Enviro-Lite subsequently contracted with E-Con, which in turn contracted with First Class.[21]   The Contract included installing fixtures necessary to take advantage of new LED lighting technology and installing dimmer switches at five elementary schools.[22]   While page one of the Contract, references "Eisenhower, Escandon, Monte Cristo, Truman and Zavala Elementary Schools, on the bottom of the first page, it also states, "Lighting Installation & Management Contract Cavazos Elementary School."[23]   The total value of the Contract for the five schools was $606,614.38.[24]   ECISD paid an additional $119,025.76 for Cavazos Elementary School.[25]

The crux of the controversy revolves around alleged malfunctions of the LED lights and dimmers.   Because of the alleged malfunctions, ECISD sought relief against Promlite, Enviro-Lite, E-Con, and First Class.   Enviro-Lite sought relief against ECISD for, inter alia, its alleged breach of contract.   The Court now turns to the dispositive motions and related objections.

## II.        JURISDICTION & VENUE

The Court holds jurisdiction pursuant to 28 U.S.C. § 1334 and now exercises its jurisdiction in accordance with Southern District of Texas General Order 2012–6.[26]   Venue is

---

[19] ECF No. 98, Ex. B.
[20] ECF No. 88, Ex. A.
[21] ECF No. 77 at 4.
[22] ECF No. 88, Ex. A, "Addendum A" - Eisenhower, Escandon, Monte Cristo, Truman and Zavala.
[23] *Id.*
[24] ECF No. 88, Ex. A, ¶ 11.
[25] ECF No. 88, Ex. E, ¶ 4.
[26] *In re*: *Order of Reference to Bankruptcy Judges*, Gen. Order 2012–6 (S.D. Tex. May 24, 2012).

governed by 28 U.S.C. §§ 1408, 1409, and is proper as the Court presided over Promlite's bankruptcy.[27]

## III.        CONSTITUTIONAL AUTHORITY

Under *Stern v. Marshall,* the Supreme Court held that whether a bankruptcy court can enter a final judgment in a case depends on whether the cause of action stems from the bankruptcy itself or would necessarily be resolved in the claims allowance process.[28] This adversary proceeding involves state law claims between the debtor and four non-debtor parties and would not necessarily be resolved in the claims allowance process. Nevertheless, while bankruptcy judges can issue final orders and judgments for core proceedings, absent consent, they can only issue reports and recommendations for non-core proceedings.[29]  While the claims in the instant matter are non-core, all parties have consented to this Court's entry of final orders on all non-core claims.[30]  Additionally, a court may still issue interlocutory orders in proceedings where the court lacks authority to issue a final judgment. An order resolving fewer than all of the claims presented in a complaint is interlocutory.  As the Court is not granting summary judgment over all claims presented in this lawsuit, the order accompanying this opinion is interlocutory.[31]

## IV.        SUMMARY JUDGMENT

### a.    Summary Judgment Standard

---

[27] Bankr. ECF No. 1.

[28]  564 U.S. 462, 131 S.Ct. 2594, 2618, 180 L.Ed.2d 475 (2011)

[29] *See* 28 U.S.C. §§ 157(b)(1), (c)(1); *see also Stern v. Marshall*, 564 U.S. 462, 480 (2011); *see also Wellness Int'l Network, Ltd. v. Sharif*, 135 S. Ct. 1932, 1938–40 (2015) ("We hold that Article III is not violated when the parties knowingly and voluntarily consent to adjudication by a bankruptcy judge").

[30] ECF Nos. 2, 3, 4, 75, and 82.

[31] *In re ATOM Instrument Corp.*, 478 B.R. 252, 255 (Bankr. S.D. Tex. 2012). The Advisory Committee Notes to Rule 60(b) of the Federal Rules of Civil Procedure explain that "interlocutory judgments are not brought within the restrictions of this rule, but rather they are left subject to the complete power of the court rendering them to afford such relief from them as justice requires." FED. R. CIV. P.60(b) advisory committee's note.

Summary judgment is proper when there "is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."[32]  Rule 7056 of the Federal Rules of Bankruptcy Procedure incorporates Federal Rule of Civil Procedure 56 in adversary proceedings. "The moving party bears the burden of establishing that there are no genuine issues of material fact."[33]  Rule 56 provides that the movant may support factual positions by:

> citing to particular parts of materials in the record, including depositions, documents, electronically stored information, affidavits or declarations, stipulations (including those made for purposes of the motion only), admissions, interrogatory answers, or other materials; or showing that the materials cited do not establish the absence or presence of a genuine dispute, or that an adverse party cannot produce admissible evidence to support the fact.[34]

Additionally, an opposing party may object to the material cited by the movant when the material is not presented in a form that is admissible as evidence in the proceeding.[35]  Rule 56 also provides that courts may consider other material found in the record beyond what has been cited by a party.[36]  The ability to consider material found in the record does not mean that the court must engage in a quest to pursue support for the non-movant.[37]  The court must, in determining whether there is a material issue, interpret "the facts and the inferences to be drawn there from in the light most favorable to the nonmoving party."[38]

In order for a fact to rise to the level of a genuine issue of material fact, the fact must be one that could affect the outcome of an action or allow a reasonable fact finder to find in favor of

---

[32] FED. R. CIV. P. 56(a); *see also Williams v. Placid Oil Co.* (*In re Placid Oil Co.*), 753 F.3d 151, 154 (5th Cir. 2014).

[33] *Norwegian Bulk Transp. A/S v. Int'l Marine Terminals P'ship*, 520 F.3d 409, 412 (5th Cir. 2008).

[34] FED. R. CIV. P. 56(c)(1)(A)-(B).

[35] FED. R. CIV. P. 56(c)(2).

[36] FED. R. CIV. P. 56(c)(3).

[37] *Malacara v. Garber*, 353 F.3d 393, 405 (5th Cir. 2003).

[38] *Kinkade v. Kinkade* (*In re Kinkade*), 707 F.3d 546, 548 (5th Cir. 2013) (citing to *Reaves Brokerage Co. v. Sunbelt Fruit & Vegetable Co.*, 336 F.3d 410, 412 (5th Cir. 2003)); *see also Campo v. Allstate Ins. Co.*, 562 F.3d 751, 754 (5th Cir. 2009).

the non-moving party.[39]   In other words, the non-movant bears the burden of showing a genuine dispute through specific evidence, which includes the requirement that the non-movant demonstrate to the court the manner in which the evidence supports their claim.[40]   The burden shifts to the non-movant only if the movant should meet its burden of demonstrating the "absence of any genuine issues of material fact," at which time the non-moving party must "establish that there is a genuine issue of material fact in dispute."[41]   If a party fails to establish "the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial" then Rule 56(c) requires that summary judgment be granted against that party.[42]

### b.   Analysis

#### 1.   E-Con's Motion for Summary Judgment

On February 12, 2020, E-Con filed its motion for summary judgment against ECISD.[43] ECISD asserts causes of action against E-Con for: (A) negligence; (B) negligent failure to warn or instruct; (C) negligent failure to recall; (D) negligent retention, supervision, and training; (E) negligence per se: (F) product liability; and (G) violations of the Texas Deceptive Trade Practices Act ("*DTPA*").[44]

#### A.   Negligence

In order for ECISD to prevail on its negligence claim against E-Con, ECISD must prove: (1) E-Con owed a legal duty to ECISD; (2) E-Con breached that duty; and (3) the breach

---

[39] *In re Fauser*, No. 10-31501, 2015 WL 877451, at *1-2 (Bankr. S.D. Tex. Feb. 26, 2015) (citing to *Brumfield v. Hollins*, 551 F.3d 322, 326 (5th Cir. 2008)); *see also Randall D. Wolcott, M.D., P.A. v. Sebelius*, 497 F. App'x. 400, 404 (5th Cir. 2012) (stating that a factual dispute is genuine if the evidence is such that a reasonable trier of fact could return a verdict for the nonmoving party).
[40] *Celotex Corp. v. Catrett*, 477 U.S. 317, 324 (1986); *Johnson v. Deep E. Tex. Reg'l Narcotics Trafficking Task Force*, 379 F.3d 293, 301 (5th Cir. 2004).
[41] *Condrey v. SunTrust Bank of Ga.*, 431 F.3d 191, 197 (5th Cir. 2005) (citing to *Celotex*, 477 U.S. at 322).
[42] *Celotex*, 477 U.S. at 322.
[43] ECF No. 88.
[44] *Id.* at 2.

proximately caused ECISD's injuries.[45]   E-Con however, does not discuss these elements.   E-Con instead attempts to demonstrate that the economic loss rule bars ECISD's negligence claim.

The economic loss rule is a murky creature of law for the state of Texas.   Generally, in actions for unintentional torts, the economic loss rule restricts recovery of purely economic damages that are unaccompanied by injury to the plaintiff or their property.[46]   Whether and how to apply the economic loss rule "does not lend itself to easy answers or broad pronouncements."[47]   Instead, the application of the economic loss rule depends on an analysis of its rationales in a particular situation.[48]

E-Con appears to argue that because ECISD and E-Con are not in contractual privity, the economic loss rule precludes ECISD's negligence claim against it, and also that the economic loss rule bars the negligence claim because there was no property loss beyond the subject of the contract.[49]   E-Con's arguments are misplaced.   While the economic loss rule might be relevant, it does not bar all tort claims arising out of a contractual setting.   As the Supreme Court of Texas has said, a party cannot avoid tort liability to the world by simply entering into a contract with a party and claiming that the economic loss rule swallows all claims between contractual and commercial strangers.[50]   A party states a tort claim when the duty allegedly breached is independent of the contractual undertaking and the harm suffered is not merely the economic loss of a contractual benefit.[51]

Here, E-Con was hired by Enviro-Lite, which in turn hired First Class to perform

---

[45] See FDIC v. Niblo, 821 F. Supp. 441 (N.D. Tex. 1993); Van Horn v. Chambers, 970 S.W.2d 542, 544 (Tex. 1998).

[46] LAN/STV v. Martin K. Eby Const. Co., Inc., 435 S.W.3d 234, 235 (Tex. 2014).

[47] See Sharyland Water Supple Corp. v. City of Alton, 354 S.W.3d 407, 419 (Tex. 2011).

[48] LAN/STV, 435 S.W.3d at 245–46.

[49] ECF No. 88 at 6.

[50] Chapman Custom Homes, Inc. v. Dallas Plumbing Co., 445 S.W.3d 716, 718 (Tex. 2014).

[51] Id.

electrical services requested at ECISD schools.[52]  E-Con's involvement was limited to the initial

installation or the original dimmer switches and LED bulbs.[53]  Subsequent to installation, there

were reports that wire insulation was damaged, compromising the integrity of the wiring, and the

conductors in the switch box were also damaged.[54]  The Court finds that these alleged property

damages creates a genuine factual dispute as to whether there was property damage that was

collateral to the contract.  Further, because E-Con failed to discuss ECISD's negligence claim

apart from the economic loss rule, E-Con failed to meet its burden of demonstrating the absence

of any genuine issues of material fact regarding said negligence claim.  As such, because E-Con

did not meet its burden, the Court denies E-Con's summary judgment as to ECISD's negligence

claim.

### B.      Negligent Failure to Warn or Instruct

In order for ECISD to prevail on its negligent failure to warn claim against E-Con,

ECISD must first demonstrate the existence of a legally cognizable duty to warn.[55]  Whether

such legal duty exists is a question of law.[56]  In negligent failure to warn cases, a manufacturer

has a duty to warn if a reasonable prudent person in the manufacturer's position would warn of

hazards associated with the use of its product.[57]  While a manufacturer or supplier in certain

situations depend on an intermediary to communicate a warning to the ultimate user of a product,

the presence of an intermediary does not excuse the manufacturer from warning those whom it

should reasonably expect to be endangered by the use of its product.[58]

Here, E-Con argues that because it is not a manufacturer or supplier, no such duty

---

[52] *See* ECF No. 88, Ex. H.
[53] *Id.*
[54] ECF No. 114, Exs. H, E.
[55] *Selfried v. Hygenic Corp.*, 410 S.W.3d 427, 431 (Tex. App.—Houston [1st Dist.] 2013, *reh'g denied*).
[56] *Id.* at 431–32.
[57] *Id.* at 432.
[58] *Id.*

exists.[59]   While ECISD concedes that E-Con is not a manufacturer, it argues that E-Con

nevertheless had a duty to warn First-Class and/or ECISD of the alleged dangers associated with

the lighting installation and potential incompatibility issues because E-Con is a general electrical

contractor.[60]   ECISD supports this by citing to the Texas Administration Code, § 73.51, which

governs electrical contractors' responsibilities and their duties.[61]   However, ECISD must have

forgotten that it previously agreed with E-Con's statement of material fact that E-Con is not a

licensed electrical contractor.[62]   ECISD may not now argue against something it previously

stipulated to.

With E-Con demonstrating an absence of any genuine issue that it was not a

manufacturer or supplier, the burden shifts to ECISD to demonstrate a genuine issue of whether

E-Con was a manufacturer or supplier.  But ECISD has failed to point to anywhere in the record

or evidence that would establish such genuine issue.  Thus, the Court grants summary judgment

in favor of E-Con on ECISD's negligent failure to warn or instruct claim.

### C.   Negligent Failure to Recall

In ECISD's Third Amended Complaint, it claims that E-Con negligently failed to timely

recall the LED lights.[63]   Under the Restatement:

> One engaged in the business of selling or otherwise distributing products is subject to
> liability for harm to persons or property caused by the seller's failure to recall a product
> after the time of sale or distribution if:
>   (a)
>       (1) a governmental directive issued pursuant to a statute or administrative
>       regulation specifically requires the seller or distributor to recall the product; or
>       (2) the seller or distributor, in the absence of a recall requirement under
>       Subsection (a)(1), undertakes to recall the product; and
>   (b) the seller or distributor fails to act as a reasonable person in recalling the

---

[59] ECF No. 88 at 7.
[60] ECF No. 114-2 at 11.
[61] *Id.*; *see* 16 TEX. ADMIN CODE § 73.51.
[62] *Compare* ECF No. 88 at 2, ¶ 15, *with* ECF No. 114-2 at 2, ¶ 1.
[63] ECF No. 78 at 35.

product.[64]

ECISD has adduced no evidence in support of this claim.  It is undisputed that there was no governmental directive that required the recall of the product, and there is no evidence that E-Con undertook a voluntary recall.  The only warning in evidence is Intertek's Public Notice, which stated that certain LED tubes have unauthorized certification marks, and do not comply with safety requirements.[65]  Quite distinctly, the Public Notice only recommended that the products be returned to the point of purchase.[66]  Thus the Court grants summary judgment in favor of E-Con on ECISD's negligent failure to recall claim.

### D. Negligent Retention, Supervision, and Training

The elements of a claim for negligent supervision—like all negligence claims—are (1) defendant owed a legal duty to plaintiff; (2) defendant breached that duty; (3) plaintiff suffered damages; and (4) the damages were proximately caused by defendant's breach.[67]  In order for a party to prevail on a claim for negligent hiring or supervision, the plaintiff must establish that not only was the employer negligent in hiring or supervising the employee, but also that the employee committed an actionable tort against the plaintiff.[68]  The negligent hiring, retention, and supervision claims are simple negligence causes of action that are based on an employer's direct negligence rather than on vicarious liability.[69]  An employer has the duty to adequately hire, train, and supervise employees, and the negligent performance of those duties may impose liability if the complainant's injuries are the result of the employer's failure to take reasonable precautions to protect the complainant from misconduct of its employees.[70]

---

[64] Restatement (Third) of Torts: Products Liability § 11.
[65] ECF No. 114, Ex. P.
[66] *Id.*
[67] *Holcombe v. U.S.*, 388 F.Supp.3d 777, 806 (W.D. Tex. 2019).
[68] *Id.*
[69] *Id.*
[70] *Id.*

E-Con asserts that it owed no duty to hire, supervise, or train First-Class because it was not its employer.[71]   However, because Texas also recognizes a cause of action for the negligent hiring of an independent contractor,[72] there is still a genuine dispute as to whether E-Con was First Class' employer or independent contractor.   Further, with the lack of any documentary evidence as to the agreement between E-Con and First Class, a finding of summary judgment is not appropriate.   Hence, the Court denies E-Con's summary judgment for negligent retention, supervision, and training.

### E.      Negligence Per Se

E-Con argues that the economic loss rule alone bars ECISD's negligence per se claim. Because the Court above held that the economic loss rule involved a genuine dispute as to material fact,[73] the Court similarly denies E-Con's summary judgment for negligence per se.

### F.      Product Liability

ECISD has stated in its amended response that it agrees to forego its product liability claim against E-Con.[74]   As such, the Court grants E-Con's summary judgment on ECISD's product liability claim.

### G.      Violations of the DTPA

Lastly, E-Con argues that DTPA's exemptions forecloses any liability against it.[75]   To establish a DTPA claim, ECISD must produce evidence (1) that it was a consumer; (2) that E-Con engaged in at least one of the laundry list of items; (3) that ECISD detrimentally relied on the false, misleading, or deceptive acts or practices; and (4) that the false, misleading, or

---

[71] ECF No. 88 at 10.
[72] *See Castro v. Serrata*, 145 F. Supp. 2d 829, 833 (S.D. Tex. 2000).
[73] *See supra* at 6-7.
[74] ECF No. 114 at 8, n.56.
[75] ECF No. 88 at 16–18.

deceptive act or practice was a producing cause of their injury.[76]  Included within DTPA claims

are certain statutory exemptions, of which sections (f) and (g) are relevant to the Court.[77]

Section 17.49(f) states:

(f) Nothing in the subchapter shall apply to a claim arising out of a written contract if:
    (1) the contract relates to a transaction, a project, or a set of transactions related to the same project involving total consideration by the consumer of more than $100,000 . . . .[78]

Section 17.49(g) states:

(g) Nothing in this subchapter shall apply to a cause of action arising from a transaction, a project, or a set of transactions relating to the same project, involving total consideration by the consumer of more than $500,000, other than a cause of action involving a consumer's residence.[79]

Sections (f) and (g) are intended to maintain the DTPA's purpose as a viable source of relief for

consumers in small transaction and to remove litigation between businesses over large

transactions from the scope of the DTPA.[80]

E-Con asserts that pursuant to § 17.49(g), the total work performed on the schools

encompass one project, and the overall cost of the project exceeded $500,000.[81]  Alternatively,

E-Con asserts that ECISD's DTPA claim is exempted by § 17.49(f).[82]  ECISD first agrees with

E-Con that the DTPA precludes its claim regarding the five schools—Eisenhower, Escandon,

Monte Cristo, Truman, and Zavala—and as such foregoes its claim solely as it relates to those

five schools.  However, ECISD asserts that there are genuine issues of material fact regarding the

remaining school, Cavazos.[83]  First, while § 17.49(g) does not apply to Cavazos as that school's

---

[76] *B & W Supply, Inc. v. Beckman*, 305 S.W.3d 10 (Tex. App.—Houston [1st Dist.] 2009, pet. denied).
[77] *See* TEX. BUS. & COM. CODE § 17.49.
[78] *Id.* at § 17.49(f).
[79] *Id.* at § 17.49(g).
[80] *East Hill Marine, Inc. v. Rinker Boat Co., Inc.*, 229 S.W.3d 813, 820 (Tex. App.—Fort Worth 2007, *pet. denied*).
[81] ECF No. 88 at 16.
[82] *Id.* at 16–17.
[83] ECF No. 114-2 at 16.

total cost was less than $500,000,[84] the issue becomes whether § 17.49(f) applies to Cavazos, and whether there was a written contract.  With the evidence before it, the Court finds that there is a genuine issue as to whether Cavazos was included within the written contract.[85]  As such, the Court denies E-Con's summary judgment as to Cavazos, but grants E-Con's summary judgment as to Eisenhower, Escandon, Monte Cristo, Truman, and Zavala.  The Court now turns to First Classes' motion for summary judgment.

### 2.    First Class and ECISD's Motion for Summary Judgment

On February 12, 2020, First Class filed its motion for summary judgment as to ECISD's claims against it.[86]  However, upon a closer look, First-Class motion is better categorized as a motion for partial summary judgment, as it only makes good faith arguments against ECISD's DTPA, negligence per se, and negligence claims.[87]  As such, the Court will only address those claims.  On February 13, 2020, ECISD filed its motion for partial summary judgment on its negligence and negligence per se claims against First Class as to liability only.[88]  Because both First Class and ECISD seek summary judgment as to ECISD's negligence and negligence per se claims, the Court shall combine both motions and discuss them here, before moving onto the rest of First Classes' motion.  But first, the Court must dispose of two sets of objections: the first set of objections relates to First Classes' motion for partial summary judgment.[89]  The second set of objections relates to ECISD's motion for partial summary judgment.[90]

### A.    ECISD's Objections to First Classes' Motion for Partial Summary Judgment Evidence

---

[84] ECF No. 88, Ex. B.

[85] *Id.* at Ex. A.

[86] ECF No. 90.  While First Class seeks summary judgment with respect to ECISD's breach of contract claim, it incorrectly presumes that said claim was asserted against it.  *See* ECF No. 78 at 31-32.

[87] *See* ECF Nos. 90, 91.

[88] ECF No. 96 at 7, n.34.

[89] ECF Nos. 110, 127.

[90] ECF Nos. 101, 129.

ECISD presents a list of 29 objections against First Classes' Motion for Partial Summary Judgment.[91]   ECISD first objects that the question in Bill Hamilton's October 26, 2018 deposition ("*Hamilton*") at 47:10-12 is vague, ambiguous, lacks foundation, and is a compound question.[92]   However, page 47 to Hamilton's deposition was not part of First Classes' exhibit.[93] Therefore the Court overrules ECISD's first objection.

ECISD's second objection is that the question in Hamilton's deposition at 50:4-8 is vague, ambiguous, lacks foundation, assumes facts not in evidence, and is a compound question.[94]   The question states:

> Q: Now, at the time that – did you read the testimony of the ECISD administrator where Lima – and they literally admitted that they ordered Enviro-Lite to install those dimmer switches and they had no choice whatsoever? Do you have [sic] recall that testimony?[95]

The Court sustains ECISD's second objection under Federal Rules of Evidence 602 and 611 on the basis that it lacks foundation, is vague, ambiguous, and a compound question.

ECISD's third objection is that the question in Hamilton's deposition at 51:9-17 is vague, ambiguous, lacks foundation, and is a compound question.[96]   The question states:

> Q: Did you read Jerry Daniels' testimony that after he learned about all of the facts that happened in February and May and the ordering of the installation, did you read his testimony where he acknowledged that by the time of the installation, ECISD and Sigma had taken over control of the project . . . and literally ordered Enviro-Lite to install those dimmer switches?[97]

The Court sustains ECISD's third objection under Rule 611 on the basis that it is vague, ambiguous, and a compound question.

---

[91] Although numbered 30, question 24 is blank.  ECF No. 110.
[92] ECF No. 110 at 2.
[93] *See* ECF No. 90-17 at 7-8 (noting the page number jumps from page 44 to 50).
[94] ECF No. 110 at 2.
[95] ECF No. 90-17 at 8.
[96] ECF No. 110 at 2.
[97] ECF No. 90-17 at .

ECISD's fourth objection is that the question in Hamilton's deposition at 51:22 through 52:2 is vague, ambiguous, lacks foundation, assumes facts not in evidence, and is a compound question.[98]  The question states:

> Q: Okay. Now, once ECISD with its own master electrician and its own electrical engineer takes over supervision of the project, isn't ECISD with its own master electrician responsible for getting permits if they are going to go out and start changing out wiring and doing that kind of work?[99]

The Court sustains ECISD's fourth objection under Rules 602 and  611 on the basis that it lacks foundation , is vague, ambiguous, and a compound question.

ECISD's fifth objection is that the question in Hamilton's deposition at 52:9-14 lacks foundation, calls for speculation, and is a compound question.[100]  The question states:

> Q: So, essentially, we know that by March of 2016, after Sigma recommended the new dimmer switch and after ECISD said – told Enviro-Lite to install that dimmer switches [sic] on wiring that everybody by this time knew was not compatible due to the shared neutral issue, that was a decision by ECISD, correct?[101]

The Court sustains ECISD's fifth objection under Rules 602 and  611 on the basis that it lacks foundation, calls for speculation and is a compound question.

ECISD's sixth objection is that the question in Hamilton's deposition at 52:18-22 is vague, ambiguous, and is a compound question.[102]  The question states:

> Q: Okay. And so by the time that we get to the fires, the shared neutral issue and the installation of the dimmer switch, that was all something that was with full knowledge of ECISD, correct?[103]

The Court sustains ECISD's sixth objection under Rule 611 on the basis that it is vague, ambiguous, and a compound question.

---

[98] ECF No. 110 at 2-3.
[99] ECF No. 90-17 at 9-10.
[100] ECF No. 110 at 3.
[101] ECF No. 90-17 at 10.
[102] ECF No. 110 at 4.
[103] ECF No. 90-17 at 10.

ECISD's seventh objection is that the question in Hamilton's deposition at 75:10-13 assumes facts not in evidence, calls for speculation, and is not relevant.[104]  The question states:

> Q: Did you know the state of Texas has never cited a general contractor for not having an electrical license when it hired a master electrician except for in this incident?[105]

The Court sustains ECISD's seventh objection under Rule 611 on the basis that it assumes facts not in evidence.

ECISD's eighth objection is that the question in Hamilton's deposition at 75:17-22 is vague, ambiguous, and is a compound question.[106]  The question states:

> Q: Well, were your provided the documents where it was subpoenaed by E-Con to find out whether any other general contractor in the history of the State of Texas has ever been cited for not having an electrical license, an electrician's license, when it hired an electrician to do electrician's work?[107]

The Court sustains ECISD's eighth objection under Rule 611 on the basis that it is vague and ambiguous and compound.

ECISD's ninth objection is that the question in Hamilton's deposition at 220:2-7 is vague, ambiguous, and is a compound question.[108]  The question states:

> Q: Correct. But once both of those were done, even if my client put the dimmers in before it was changed out, once ECISD came in and put the wiring in and hooked it up to the dimmer switches, at that point in time, that resolves all of those issues as far as the work that was performed by my client?[109]

The Court sustains ECISD's ninth objection under Rule 611 on the basis that it is vague, ambiguous, and is a compound question.

---

[104] ECF No. 110 at 4.
[105] ECF No. 90-17 at 14.
[106] ECF No. 110 at 4.
[107] ECF No. 90-17 at 14.
[108] ECF No. 110 at 4.
[109] ECF No. 90-17 at 28.

ECISD's tenth objection is that the question in Hamilton's deposition at 220:14-15 is vague and ambiguous.[110]  The question states:

> Q: Each one of them had to do the respective tasks and once it was done, the issue was resolved?[111]

The Court sustains ECISD's tenth objection under Rule 611 on the basis that it is vague and ambiguous.

ECISD's eleventh objection is that the question in Hamilton's deposition at 220:21 through 221:10 is vague, ambiguous, and is a compound question.[112]  The question states:

> Q: I Gotcha. J, the second sentence. Now, as I understand it, when the light issues – the LED light issue arose, the things that we talked about with the Internet notice. And the authorities came in, things that they were demanding were things like "Okay, guys, we need new tubes. We need a design package. We need permitting. You are going to have to replace all of the lighting. You need to get an electrical engineer involved and you need to get the building city inspector involved. Those are the things that they are saying, okay, as to the work that has been done by Enviro-Lite and the work that we are seeing that is being done by ECISD, here is [sic] the things we need done. That is pretty much a summary list of it, correct?[113]

The Court sustains ECISD's eleventh objection under Rule 611 on the basis that it is vague, ambiguous, and a compound question.

ECISD's twelfth objection is that the question in Hamilton's deposition at 221:15-17 is vague, ambiguous, and speculative.[114]  The question states:

> So if Enviro-Lite on September 28th offered to make all of those resolutions, that would be a reasonable thing to do, correct?[115]

The Court sustains ECISD's twelfth objection under Rule 611 on the basis that it is vague, ambiguous, and calls for speculation.

---

[110] ECF No. 110 at 4-5.
[111] ECF No. 90-17 at 28.
[112] ECF No. 110 at 5.
[113] ECF No. 90-17 at 28-29.
[114] ECF No. 110 at 5.
[115] ECF No. 90-17 at 29.

ECISD's thirteenth objection is that the statements in Hamilton's deposition at 221:19-23 and 252:20-21 is not relevant because Hamilton is not being offered as an expert on damages, has no personal knowledge of an offer to cure, and his opinion on whether the email constitutes an offer has no bearing on the cause of action, and is not the best evidence because First Class offered the email on which Hamilton is offering his opinion.[116]   The question states:

> Q: And I'm going to hand you a copy of the email?
> A: Well, that's a very conciliatory thing for them to do. It doesn't get into any of my opinions, though, because this gets to damages.[117]

> A: Yes. That's what it looks like to me, was that he's making an offer to cure this.[118]

The Court sustains ECISD's thirteenth objection under Rule 401 on the basis of relevance.

ECISD's fourteenth objection is that the question in Jose Nicanor's January 10, 2018 deposition ("*Nicanor*") at 35:11-17 is vague, ambiguous, and a compound question.[119]   The question states:

> Q: In other words, it's the type of – this recommendation has – is because it's a gym and a cafeteria and a library, not because of any work that was done by Enviro-Lite. It was more of a recommendation of the school needs to have a – there is a larger load in these particular areas, and, therefore, we need to add equipment to handle it. Fair?[120]

The Court sustains ECISD's fourteenth objection under Rule 611 on the basis that it is vague, ambiguous, and is a compound question.

ECISD's fifteenth objection is that the question in Nicanor's deposition at 38:3-7 is vague, ambiguous, speculative, and is a compound question.[121]   The question states:

> Q: Okay. Let me – my point being is, if you look at the work Enviro-Lite did, did you make any effort to determine what work was done by Enviro-Lite or their subs that would

---

[116] ECF No. 110 at 6.
[117] ECF No. 90-17 at 29.
[118] *Id.* at 30.
[119] ECF No. 110 at 6.
[120] ECF No. 90-16 at 7.
[121] ECF No. 110 at 7-8.

have added to it as to what the condition was? In other words, did it already need that? Do you know?[122]

The Court sustains ECISD's fifteenth objection under Rule 611 on the basis that it is vague, ambiguous, speculative, and is a compound question.

ECISD's sixteenth objection is that the question in Nicanor's deposition at 38:11-14 is vague, ambiguous, speculative, and is a compound question.[123]  The question states:

Q: Okay. So as you sit here today,  they could have already been overfilled and they just put more stuff in it, and it just [sic] something that needed to be separated out. Fair?[124]

The Court sustains ECISD's sixteenth objection under Rule 611 on the basis that it is vague, ambiguous, speculative, and is a compound question.

ECISD's seventeenth objection is that the question in Nicanor's deposition at 39:5-7 is speculative.[125]  The question states:

Q: And was that something that existed before Enviro-Lite did any work out there? Based on your observations.[126]

The Court sustains ECISD's seventeenth objection under Rule 611 on the basis that it is speculative.

ECISD's eighteenth objection is that the question in Nicanor's deposition at 70:9-11 is vague and ambiguous.[127]  The question states:

Q: Well, I read the testimony of Dr. Salinas, where he said he knew about that in October of 2015. Correct?[128]

The Court sustains ECISD's eighteenth objection under Rule 611 on the basis that it is vague and ambiguous.

---

[122] ECF No. 90-16 at 10.
[123] ECF No. 110 at 7.
[124] ECF No. 90-16 at 10.
[125] ECF No. 110 at 7.
[126] ECF No. 90-16 at 11.
[127] ECF No. 110 at 7.
[128] ECF No. 90-16 at 15.

ECISD's nineteenth objection is that the question in Nicanor's deposition at 110:11-16 is vague, ambiguous, and is a compound question.[129]  The question states:

> Q: Yeah. I mean, there wasn't an attempt to follow the recommendations that you had made to repair the system in place. What they – what you came up with is an entire new system for the school with all new fixtures, all new wiring, all new grounding, all new panels, all new everything, correct?[130]

The Court sustains ECISD's nineteenth objection under Rule 611 on the basis that it is vague, ambiguous, and a compound question.

ECISD's twentieth objection is that the question in Nicanor's deposition at 111:25-112:2 is vague, ambiguous, speculative, and is a compound question.[131]  The question states:

> Q: Okay. I mean, there was no effort to try to mitigate the damages and use what was there, was there? The school board made the decision to just replace everything. Correct?[132]

The Court sustains ECISD's twentieth objection under Rules 611 and 701 on the basis that it is vague, ambiguous, speculative, and is a compound question.

ECISD's twenty-first objection is that the question in Nicanor's deposition at 121:18-25 is vague, ambiguous, and a compound question.[133]  The question states:

> Q: And you understand we now know that there was a dimmer switch that you approved after being tested by the school district master electrician, who read the instructions, according to his testimony. And then upon request you effectively – or the school district says you told them and gave the approval to which Enviro-Lite was instructed that it had to go install that dimmer switch in these systems. Correct?[134]

The Court sustains ECISD's twenty-first objection under Rule 611 on the basis that it is vague, ambiguous, and a compound question.

---

[129] ECF No. 110 at 7.
[130] ECF No. 90-16 at 22.
[131] ECF No. 110 at 7-8.
[132] ECF No. 90-16 at 23-24.
[133] ECF No. 110 at 8.
[134] ECF No. 90-16 at 25.

ECISD's twenty-second objection is that the questions in Nicanor's deposition at 122:17-123:15 are vague, ambiguous, lacks foundation, and are compound questions.[135]   The questions state:

> Q: Okay. It's the same dimmer switch that the school district got your approval to install. Correct?
> . . .
> A: And all the recommendations (inaudible).
> Q: And it's also the same dimmer switch that, according to Dr. Salinas, that Enviro-Lite was told to go install it and they had no choice.
> . . .
> Q: That's the dimmer switch, right?
> Q: We read that testimony. You remember that?
> A: Yes.
> Q: Okay. So the point being is, you have also told us that you knew and your report told the school district and you told them in meetings that they needed to replace not only the school – the dimmer switch but also the wiring to make it all work, correct?[136]

The Court sustains ECISD's twenty-second objection under Rules 602 and  611 on the basis that Nicanor's deposition at 122:23-25 and 123:9-13 lacks foundation, are compound questions, are vague, and ambiguous.

ECISD's twenty-third objection is that the question in Nicanor's deposition at 123:21-25 is vague and ambiguous.[137]   The question states:

> Q: Okay. So when the school district instructed Elpidio to go do it, the school district was in full knowledge that you had also recommended and told them that they needed to change out the wiring.[138]

The Court sustains ECISD's twenty-third objection under Rule 611 on the basis that it is vague and ambiguous.

---

[135] ECF No. 110 at 8-9.
[136] ECF No. 90-16 at 26-27.
[137] ECF No. 110 at 9.
[138] ECF No. 90-16 at 24.

ECISD's twenty-fourth objection[139] is that the questions in Carlos Lima's December 6, 2017 deposition ("*Lima*") at 104:22-105:1 are vague, ambiguous, and is a compound question.[140] The questions states:

> Q: Okay. And is this the one that was determined by Leviton to be from an external cause?
> . . .
> Q: Is that where these damages come? Is that the same event?[141]

The Court sustains ECISD's twenty-fourth objection under Rule 611 because Lima's deposition at 104:25-105:1 is vague and a compound question.

ECISD's twenty-fifth objection is that the question in Lima's deposition at 141:11-16 is vague, ambiguous, and is a compound question.[142]  The question states:

> Q: Okay. Do you have anything in writing that supports that – where you-all put a demand up on them and say, "We believe these are your responsibilities and therefore we expect you to do them?" Do you have anything in writing to say – to support what you're saying here in the deposition today?[143]

The Court sustains ECISD's twenty-fifth objection under Rule 611 on the basis that it is vague, ambiguous, and a compound question.

ECISD's twenty-sixth objection is that the question in Dr. Mario Salinas' December 5, 2017 deposition ("*Dr. Salinas*") at 149:16-22 is vague, ambiguous, and is a compound question.[144]  The question states:

> Q: And all of that was with the knowledge that there were other electrical issues that were involved in these schools, that the school district made a decision that they were going to repair these other issues –
> A: I don't agree with that.
> Q: -- In the future?[145]

---

[139] ECISD's 24th objection is blank.
[140] ECF No. 110 at 9.
[141] ECF No. 90-15 at 8-9.
[142] ECF No. 110 at 9.
[143] ECF No. 90-15 at 10.
[144] ECF No. 110 at 9.
[145] ECF No. 90-14 at 13.

The Court sustains ECISD's twenty-sixth objection under Rule 611 on the basis that it is vague, ambiguous, and a compound question.

ECISD's twenty-seventh objection is that the question in Dr. Salinas' deposition at 202:10-16[146] is vague, ambiguous, and is a compound question.[147]  The question states:

> Q: When Sigma made the recommendation to put in new dimmer switches selected by Sigma and the approval was given by the school district and the instruction was given by Carlos Lima to Enviro-Lite, that wasn't an instruction that you expected to be followed because you believed Sigma had resolved the dimmer switch issue. Correct?[148]

The Court sustains ECISD's twenty-seventh objection under Rule 611 on the basis that it is a compound question.

ECISD's twenty-eighth objection is that the question in Jerry Daniel's October 10, 2017 deposition ("*Daniel*") at 164:19-25 is vague, ambiguous, and is a compound question.[149]  The question states:

> Q: Okay. And – but the fact of the matter is, by the time you get to the fires in the summer of 2016, the decisions as to what dimmers and what lightbulbs need to be installed is past everybody, except for Sigma and the school district, because they're – and their master electricians are in control of this project at that point in time, are they not?[150]

The Court sustains ECISD's twenty-eighth objection under Rule 611 on the basis that it is vague, ambiguous, and is a compound question.

ECISD's twenty-ninth objection is that the question in Daniel's deposition at 168:4-8 is vague, ambiguous, and is a compound question.[151]  The question states:

> Q: And that's because no one, to your knowledge, interviewed anybody with the school and what work they were doing, and you were never provided any of – this document, which is the February 11, 2016 analysis?[152]

---

[146] ECISD's twenty-seventh objection has a typo, it should be 202:10-16.
[147] ECF No. 110 at 10.
[148] ECF No. 90-14 at 14.
[149] ECF No. 110 at 10.
[150] ECF No. 90-20 at 25.
[151] ECF No. 110 at 10-11.
[152] ECF No. 90-20 at 27.

The Court sustains ECISD's twenty-ninth objection under Rule 611 on the basis that it is vague, ambiguous, and is a compound question.  Disposing of ECISD's objections to First Classes' motion, the Court now turns to First Classes' objections to ECISD's amended response.

### B.    First Classes' Objections to ECISD's Amended Response to First Classes' Motion for Summary Judgment Evidence

First Class first objects to ECISD's use of John Phillip's testimony on the basis that it portrays Enviro-Lite as not offering to cure the lighting issues because they did not participate in the bidding process.[153]  Instead, First Class argues that its evidence shows that Enviro-Lite offered to cure the lighting issues regardless of the bidding process.[154]  Notwithstanding the fact that First Class is objecting to an issue regarding another party, First Classes' objection isn't even couched as an evidentiary objection, something clearly required under Rule 56(c).[155]  As such, the Court overrules First Classes' first objection.

First Class next objects to ECISD's use of the Intertek notice warning relating to the LED lightbulbs, and argues that it is of no consequence in the determination of whether First Class caused damages to ECISD.[156]  However, much like the first objection, with no evidentiary objection before it, the Court overrules First Classes' second objection.

First Class's third objection is to ECISD's use of specific portions of Tony Nicanor's testimony, and argues that it should be read into context.[157]  Noting no evidentiary objection before it, the Court overrules First Classes' third objection.

---

[153] ECF No. 127 at 3.
[154] *Id.*
[155] *See* Fed. R. Civ. P. 56(c)(2) (stating that evidence presented may be objected to on the basis that it is not in an admissible for).
[156] ECF No. 127 at 3-4.
[157] *Id.* at 4.

First Classes' fourth objection is with respect to ECISD's use of specific portions of Jerry Daniels's testimony, and argues that it should be read into context.[158]   Noting no evidentiary objection, the Court overrules First Classes' fourth objection.

First Classes' fifth objection is similar to its fourth, and seeks to clarify Bill Hamilton's testimony.[159]   For such reason as above, the Court overrules First Classes' fifth objection.

First Classes' sixth objection is that there was no established foundation that Dr. Salinas' had personal knowledge of whether an ECISD custodian installed the incorrect light bulb, in light of evidence that suggests otherwise.[160]   However framed, that issue is one that goes to the weight and credibility of the testimony at trial.  As such, that objection is overruled.

First Classes' seventh objection is that the affidavit of Robert Saenz is a "sham" affidavit that attempts to circumvent other testimony and witnesses.[161]   Besides these accusations, First Class offers nothing to suggest that the affidavit does not comport with Rule 56(c)(4).[162]   As such, the Court overrules First Classes' seventh objection.

First Classes' eighth objection argues that Bill Hamilton's report should be stricken in its entirety because it is inadmissible hearsay.[163]   However, Rule 56(c)(3) states that an objection may be made when the specific material would not be presented in a form that would be admissible in evidence.  The Court cannot say at this stage whether Bill Hamilton's report would or would not be admissible, especially if Mr. Hamilton was designated as an expert.  As such, the objection is overruled.

---

[158] *Id.* at 4-5.
[159] *Id.* at 5.
[160] *Id.* at 6.
[161] *Id.* at 7.
[162] Fed. R. Civ. P. 56(c)(4).
[163] ECF No. 127 at 7.

First Classes' ninth objection is that the Texas State Fire Marshall's Office report is inadmissible hearsay.[164]   However, one exception to hearsay are public records.[165]   The report here is a state of Texas public record that included factual findings from a legally authorized investigation.[166]   As such, First Classes' ninth objection is overruled.

First Classes' last objection is that the Texas Department of Licensing and Regulation's inspection report ("*TDLR Report*") is inadmissible hearsay.[167]   Again, the TDLR report is an exception to hearsay under Rule 803(8).   As such, First Classes' objection is overruled.

### C.   First Classes' Objections to ECISD's Motion for Partial Summary Judgment Evidence

First Class objects to ECISD's representation that the TDLR Report was an agreed order and was a basis for a $6,000 fine.[168]   However, ECISD stated that it inadvertently omitted the TDLR Report agreed order, and subsequently supplemented it.[169]   As such, the Court overrules First Classes' objection.

First Class next objects to ECISD characterization of Elpidio Huerta Jr.'s statement, claiming that it is not what Mr. Huerta Jr. actually said.[170]   Again, First Classes' objection fails to object on proper evidentiary grounds.   Thus, the Court overrules First Classes' objection.

First Classes' third objection is that ECISD's second sentence in paragraph 5 of its partial motion for summary judgment lacks foundation and is not relevant because there was no evidence that First Class was obligated to prepare an engineer's plan for the electrical work.[171]   Again, the objection is not based on any question, but rather is aimed at ECISD's

---

[164] *Id.*
[165] FED. R. EVID. 803(8).
[166] *Id.*
[167] ECF No. 127 at 7.
[168] *See* ECF No. 96 at 5, ¶¶ 12, 13, ECF No. 101 at 3.
[169] ECF No. 129 at 2, ¶ 3; *see also* ECF No. 129–3.
[170] ECF No. 101 at 3-4.
[171] ECF No. 96 at 3.

characterization of First Classes' actions or lack thereof.  With no evidentiary objection properly before the Court, First Classes' objection is overruled.

First Classes' fourth objection is that ECISD's statement in paragraph 8 of its partial motion for summary judgment is an unsupported and unreferenced statement of fact, and is merely an attorney argument.[172]  First Class almost hits the mark.  Such arguments are merely what they appear to be: arguments from which no evidentiary objection lies.  With no evidentiary objection before it, the Court overrules First Classes' fourth objection.

First Classes fifth and last objection is that ECISD's statements in paragraphs 8, 9, 10, and 11 in its partial motion for summary judgment are taken out of context and misleading.[173]  Much like the rest, said statements are argumentative and are not properly objected to, and the Court overrules First Classes' fifth objection.

> **D.    ECISD's Objections to First Classes' Response to ECISD's Motion for Partial Summary Judgment  Evidence**

ECISD's first objection is that the cited deposition testimony does not reflect what was actually said.[174]  ECISD is correct.  First Class cites alleged testimony by Natalie Velasquez but fails to properly identify where it came from.[175]  ECISD's objection is sustained.

ECISD's second objection is that the questions in Isaias Salinas' December 13, 2017 deposition ("*Salinas*") at 63:12-19, and 63:20-64:6 are vague, ambiguous, misstates the testimony, and are compound questions.  The questions state:

> Q: Okay. Now, if you would have gotten a permit before you started the work, right, then you would have had –if there would have been an inspection by the permit inspection crew, then that permit – that inspection would have also included all the work that had been done before by Enviro-Lite and Elpidio, correct?
> A: I don't recall that.

---

[172] ECF No. 101 at 4.
[173] *Id.*
[174] ECF No. 129 at 3.
[175] *Compare* ECF No. 101 at 5, ¶ 11, *with* ECF No. 101-2.

Q: Okay. But my point being is this. You started doing work at Eisenhower without getting a permit. But if you had followed the rules and gotten a permit, then you would have had an opportunity for the inspectors for the permitting to come in and look at everything that had been done, so it wouldn't have mattered whether Elpidio had gotten a permit because if you would have followed the permitting directions, all of that would have been covered and inspected and approved, correct?

. . .

A. I don't know. I mean, I was just following order ——

The Court sustains ECISD's objection under Rule 611 on the basis that they are vague, ambiguous, and are compound questions.

ECISD's third objection relates to various questions in Gilbert Enriquez's December 11, 2017 deposition ("*Enriquez*"), and Nicanor's deposition.[176]  ECISD points to testimony at 35:8–15, 35:20-36:2, and 37:5–8, and objects that the best evidence rule requires that the Contract in this case speaks to the scope of work.  The deposition states:

Q. Now, when you began your deposition you kind of were – were – talked a little bit about the scope of the work. What was the scope of the work that you – you were hired to do?
A. We were hired to change the bulbs, bulb for bulb, and add some dimmer switches and occupancy sensors, and remove some ceiling tiles. I believe that was basically it.
. . .
Q. Is this – were you hired to rewire the entire school?
A. No, sir.
Q. Were you hired to go in and do a complete analysis of the – the 25-plus-year-old electrical system to these schools to determine the problems they already had?
A. No, sir.
. . .
Q. Okay. And as far as I understand it, what you were requested to do was essentially change out toggle switch to a – a dimmer switch, correct?
A. Correct.[177]

Under the best evidence rule, a party seeking to prove the content of a writing must produce the original writing itself.[178]  An "original" writing includes a "printout—or other output readable by

---

[176] ECF No. 129 at 3.
[177] ECF No. 101-6 at 5–7.
[178] FED. R. EVID. 1002.

sight—if it accurately reflects the information it contains."[179]   While Rule 1002 requires production of an original when the proponent of the evidence seeks to prove the contents of the writing, it does not require production of a document simply because the document contains facts that are also testified to by a witness.[180]   Here, Mr. Enriquez is simply testifying about his recollection of the Contract.   At least at the summary judgment stage, such testimony satisfies the intent of Rule 1002.[181]   Thus, ECISD's best evidence objection is overruled.

At 37:19–24, ECISD objects that the question is vague, ambiguous, and a compound question.[182]   The question states:

> Q. And as I understand it, the main gist of what was being done is that there was some work being performed to the fixture itself so that a different type of light bulb could be put in there, but the same basic style of light bulb. Am I correct?
> A. Correct.[183]

The Court sustains ECISD's objection under Rule 611 on the basis that it is vague and ambiguous.

Lastly, Nicanor's deposition at 124:10–17, ECISD objects that the question is vague, ambiguous, and is a compound question.[184]   The question states:

> Q. Are you aware – strike that. We have already talked about the fire [sic] was caused by an external event and that the fins didn't cause any problems. Are you aware of anything that was done or any damages that were caused as a result of the dimmer switch being installed on the 277 wire?
> . . .
> A. No, sir.[185]

---

[179] *Id.*; *see also Time Ins. Co. v. Estate of White*, 447 F. App'x. 561, 565 (5th Cir. 2011) (holding that electronically stored insurance policy documents qualify as original documents).

[180] *See Allstate Ins. Co. v. Swann*, 27 F.3d 1539, 1543 (11th Cir. 1994); *see also Simas v. First Citizens' Fed. Credit Union*, 170 F.3d 37, 51 (1st Cir. 1999) (quoting *Allstate* for the proposition that there is no general rule that proof of a fact will be excluded unless the proponent furnishes the best evidence in his power, and reasoning that a plaintiff can prove he filed a particular piece of paper simply through his own trial testimony, and does not need to furnish said piece of paper).

[181] *See Allstate Ins. Co.*, 27 F.3d at 1543; *Simas*, 170 F.3d at 51.

[182] ECF No. 129 at 3.

[183] ECF No. 101-6 at 7.

[184] ECF No. 129 at 3.

[185] ECF No. 101-9 at 5.

The Court sustains ECISD's objection under Rule 611 on the basis that it is vague and ambiguous. Thus, disposing of both parties' objections, the Court turns to ECISD and First Classes' motions for summary judgment, which both seek summary judgment as to ECISD's negligence and negligence per se claims against First Class.

### E.    Negligence

ECISD has pled a claim of negligence against First Class.[186] Under Texas law, a cause of action based upon negligence requires ECISD to prove: (1) First Class owed a legal duty to ECISD; (2) First Class breached that duty; and (3) injury proximately caused by First Classes' breach.[187] The threshold inquiry turns to the existence of duty.[188] In the absence of a duty, there can be no negligence liability.[189] Whether First Class owed ECISD a duty is a question of law.[190]

ECISD alleges that First Class (1) owed a duty to ECISD to properly remove the existing lighting system and replace it with a working dimmable LED lighting system, and to do that with care, skill, reasonable expedience, and faithfulness; (2) owed a professional duty—as electricians—to exercise the degree of care, skill, and competence that reasonably competent members of the profession would exercise under similar circumstances; and (3) owed a duty to exercise reasonable judgment and skill under the Administrative Rules of the Texas Department of Licensing and Regulation regarding electricians because its owner—Mr. Huerta Jr.—was a licensed master electrician.[191]

---

[186] ECF No. 96.
[187] *See F.D.I.C. v. Ernst & Young*, 967 F.2d 166, 170 (5th Cir. 1992).
[188] *Thapar v. Zezulka*, 994 S.W.2d 635, 637 (Tex. 1999).
[189] *Id.*
[190] *See Nabors Drilling, U.S.A., Inc. v. Escoto*, 288 S.W.3d 401, 404 (Tex. 2009).
[191] ECF No. 96 at 7; *see* ECF No. 129-3 at 1.

Accompanying every contract is a common-law duty to perform the thing agreed to be done with care, skill, reasonable expedience, and faithfulness.[192]   In addition, a contract for professional services gives rise to a duty by the professional to exercise the degree of care, skill, and competence that reasonably competent members of the profession would exercise under similar circumstances.[193]   A professional must use the skill and care in the performance of their duties commensurate with the requirements of their profession, and are only liable for a failure to exercise reasonable care and skill commensurate with those requirements.[194]   Lastly, the Texas Administrative Code sets the standards of conduct for electricians engaged in electrical work.[195] It states that the licensee is obligated to exercise reasonable judgment and skill in the performance if his duties and work as a licensee.[196]

To determine First Classes' duty to ECISD, the Court turns to the Contract.  The scope of work defined within addendum A of the Contract states that "Enviro-Lite will perform a full retrofit and or replacement of all existing lighting into LED light technology in the following schools: Eisenhower, Escandon, Monte Cristo, Truman, and Zavala."[197]   This was signed on June 18, 2015.[198]   Enviro-Lite then verbally contracted with Gilbert Enriquez of E-Con to "change the bulbs, bulb for bulb, and add some dimmer switches and occupancy sensors, and remove some ceiling tiles."[199]   E-Con in turn verbally subcontracted with Elpidio Huerta Jr. of First Class to "remove fluorescent tubes and replace with LED tubes in classrooms and to install dimmers with

---

[192] *Southwestern Bell Tel. Co. v. Delanney*, 809 S.W.2d 493, 494 (Tex. 1991).
[193] *Dukes v. Philip Johnson/Alan Ritchie Architects, P.C.*, 252 S.W.3d 586, 594 (Tex.App.–Fort Worth 2008, pet. denied).
[194] *Id.*
[195] *See* 16 Tex. Admin. Code § 73.60(a).
[196] *Id.*
[197] ECF No. 90-1 at 6.
[198] *Id.*
[199] ECF No. 101-6 at 5.

dimmable tubes.[200]  The Court notes that it is undisputed that First Class was subcontracted to perform work under the Contract.  Further, Huerta Jr. at all times discussed was a licensed master electrician.[201]  As such, the Court finds that First Classes' work with Enviro-Lite and E-Con encompassed the duties to perform the project with care, skill, reasonable expedience, and faithfulness, to exercise the degree of care, skill, and competence that reasonably competent members of electricians would exercise under similar circumstances, and to exercise reasonable judgment and skill in the performance of the work.

Next, the Court needs to determine whether First Classes' conduct amounted to a breach of its duties.  ECISD argues that First Class breached these duties by: (1) negligently failing to obtain a permit for the Contract project; (2) failing to read the package inserts or the installation instructions before installing the dimmers; and (3) failing to verify the completion of the rewiring or circuit neutrals before installing the new dimmers.[202]  As a result, the LED lights malfunctioned because they were not compatible with the existing wiring at the school sites, which required ECISD to replace the entire lighting system at six of its schools.[203]

With regards to the allegation that First Class failed to obtain permits, ECISD is referring to the agreed order where Huerta Jr., d/b/a First Class, signed a settlement agreement between it and the Texas Department of Licensing and Regulation ("*TDLR Agreement*").[204]  The TDLR Agreement stated that Huerta Jr., d/b/a First Class, admitted that it agreed with the Department's determination that he violated City of Edinburg Ordinance 2012-3602, which required First Class to obtain the required permit before working at the jobsite.[205]  For purposes of the TDLR

---

[200] ECF No. 96-3 at 2.
[201] ECF No. 91-1 at 4.
[202] ECF No. 96 at 7–8.
[203] *Id.*
[204] *See* ECF No. 129-3.
[205] *Id.*

Agreement, the jobsites were the schools that were relevant to the Contract, i.e. Eisenhower, Escandon, Monte Cristo, Truman, and Zavala.[206]   The Court finds that failing to obtain the permits required for the jobsite was a breach of First Classes' duty to ECISD.

With regards to the allegation that First Class failed to read the package inserts of the installation instructions before installing the dimmers, ECISD points to several pieces of evidence that First Class admitted it failed to read the installation instructions.[207]   Further, First Class does not dispute that it failed to read the instructions before installing the dimmers.[208]   The Court finds that First Classes' failure to read the instructions before installation of the dimmers per se constitutes a breach of its duties to ECISD.

Lastly, with regards to the allegation that First Class failed to verify the completion of rewiring or circuit neutrals before installing the new dimmer, ECISD points to Huerta Jr.'s statement that First Class failed to verify completion of rewiring of circuit neutrals before installing new dimmers.[209]   However, within context Huerta Jr. explains that he assumed ECISD had already completed these actions because permission was given to him to install the dimmers.[210]   Regardless, there appear to be genuine and material disputes as to the exact work instructions for First Class and whether it had to verify the rewiring of circuit neutrals.

The Court now turns to causation.  To prove a negligence cause of action, ECISD must prove that First Classes' breaches proximately caused ECISD's injury.[211]   The components of proximate cause are (1) cause in fact; and (2) foreseeability.[212]   The test for cause in fact is whether the negligent act was a substantial factor in bringing about the injury and without which

---

[206] *Id.*.
[207] *See* ECF No. 129-5 at 4, 5; ECF No. 115-10 at 11–12; ECF No. 115-14 at 2.
[208] ECF No. 136 at 3, ¶ 3.
[209] ECF No. 96-3 at 2.
[210] *Id.*
[211] *See D. Houston, Inc. v. Love*, 92 S.W.3d 450, 454 (Tex. 2002).
[212] *See Travis v. City of Mesquite*, 830 S.W.2d 94, 98 (Tex. 1992).

the injury would not have occurred.[213]  Cause in fact must be proven by evidence of probative force and not by mere conjecture, guess, or speculation.[214]  Cause in fact is not shown when a defendant's conduct is too remotely connected with the plaintiff's injury to constitute legal causation.[215]  For foreseeability, plaintiff must establish that a person of ordinary intelligence should have anticipated the danger created by the negligent act or omission.[216]  Foreseeability only requires that (1) the injury be of such a general character as might reasonably have been anticipated, and (2) the injured party be so similarly situated in relation to the wrongful act that the injury to him or to someone similarly situated might reasonably have been foreseen.[217]  Quite simply, foreseeability asks whether the injury might reasonably have been contemplated as a result of the defendant's conduct.[218]

Here, ECISD puts forth no evidence that the above mentioned breaches by First Class proximately caused ECISD damages.  Furthermore, numerous fact issues exist regarding what contributed to lighting malfunctions.  Thus, because ECISD has not established an element to its claims for negligence against First Class, the Court denies summary judgment.

F.    **Negligence Per Se**

ECISD argues that First Class is liable on ECISD's negligence per se claims for violating a municipal ordinance requiring that one who intends to install, repair, or replace an electrical system shall obtain the required permit first.[219]  In support, ECISD points to the TDLR Agreement, where First Class admitted to not obtaining permits before performing electrical

---

[213] *Id.*
[214] *See Leitch v. Hornsby*, 935 S.W.2d 114, 119 (Tex. 1996).
[215] *Union Pump Co. v. Allbritton*, 898 S.W.2d 773, 775 (Tex. 1995).
[216] *See Nixon v. Mr. Prop. Mgmt. Co.*, 690 S.W.2d 546, 549–50 (Tex. 1985).
[217] *Id.* at 551.
[218] *City of Gladewater v. Pike*, 727 S.W.2d 514, 518 (Tex. 1987).
[219] ECF No. 96 at 5.

work.[220]  First Class in response argues that ECISD failed to demonstrate that it is within the class of individuals sought to be protected by the statute, and failed to demonstrate that the failure to obtain the permits caused damages.[221]

In Texas, negligence per se is not a separate cause from negligence but is instead "merely one method of proving a breach of duty."[222]  As such negligence per se exists where a plaintiff shows: (1) the defendant's act or omission is in violation of a statute or ordinance; (2) the plaintiff is within the class of individuals the statute was enacted to protect; (3) the injury is of a type that the statute was designed to prevent; and (4) the defendant's act or omission proximately caused the injury.  ECISD still must prove that First Class proximately caused the damages alleged, which the Court above found that it failed to do.  As such, the Court denies summary judgment to ECISD's negligence per se claim.  Thus, disposing of ECISD's motion for partial summary judgment, the Court turns to First Classes' DTPA argument.

### G.    DTPA

First-Classes' DTPA arguments against ECISD are virtually identical to E-Con's DTPA arguments against ECISD.  First-Class argues that Tex. Bus. & Com. Code Sec. 17.49(f) and (g) expressly preclude ECISD's DTPA claim against it.[223]  ECISD first agrees that the DTPA precludes its claim regarding the five schools—Eisenhower, Escandon, Monte Cristo, Truman, and Zavala—and as such foregoes its claim solely as it relates to those five schools.[224]  However, ECISD asserts that there are genuine issues of material fact regarding the remaining school, Cavazos.[225]  As above, the Court finds that there is a genuine issue as to whether Cavazos was

---

[220] ECF No. 129-3.
[221] ECF No. 101 at 4–6.
[222] *Reynolds v. Murphy*, 188 S.W.3d 252, 267 n. 20 (Tex.App.–Fort Worth 2006, pet. denied); *Thomas v. Uzoka*, 290 S.W. 3d 437, 445 (Tex.App.–Houston [14th Dist.] 2009, pet. denied).
[223] ECF No. 90 at 15.
[224] *See* ECF No. 115-2 at 7.
[225] ECF No. 114-2 at 16.

included within the written contract.[226]   As such, the Court denies summary judgment as to Cavazos, but grants summary judgment as to Eisenhower, Escandon, Monte Cristo, Truman, and Zavala.

### 3.      Enviro-Lite and ECISD's Motions for Summary Judgment

On February 12, 2020, Enviro-Lite filed its motion for summary judgment against ECISD.[227]   A day later, ECISD filed its motion for summary judgment against Enviro Lite.[228]  ECISD asserts the following causes of action against Enviro-Lite: (A) breach of contract; and (B) entitlement to summary judgment on all of Enviro-Lite's claims.[229]   Enviro-Lite's motion is far from clear in what it seeks; the Court gathers that it seeks a ruling on its breach of contract claim, an economic loss ruling, and on its negligence, product liability, and fraud claims.[230]   Because Enviro-lite and ECISD's motions deal with each other, the Court will dispose of both motions here.  Before that, the Court must dispose of the parties' objections.

### A.      ECISD's Objections to Enviro-Lite's Motion for Summary Judgment Evidence

ECISD presents a list of 29[231] objections to Enviro-Lite's motion for summary judgment evidence.[232]   However, each objection is exactly identical to ECISD's objections to First-Classes' motion for summary judgment.[233]   Therefore ECISD's objections to Enviro-Lite's motion for summary judgment are disposed of to the same extent as ECISD's objections to First-Classes' motion for summary judgment were.

### B.      Enviro-Lite's Objections to ECISD's Amended Response to Enviro-Lite's Motion for Summary Judgment Evidence

---

[226] *Id.* at Ex. A.
[227] ECF No. 92.
[228] ECF No. 97.
[229] *Id.* at 12, 16.
[230] ECF No. 109.
[231] Although numbered 30, question 24 is blank.  *See id.*
[232] *See* ECF No. 109.
[233] *Compare* ECF No. 110, *with* ECF No. 109.

Here, Enviro-Lite presents a list of 15 objections to ECISD's evidence.[234]   However, the Court finds that objections 2, 3, 4, 5, 6, 7, 11, and 13 are exactly identical to First-Classes' objections to ECISD's amended response.[235]   Therefore Enviro-Lite's numbered objections 2, 3, 4, 5, 6, 7, 11, and 13 are disposed of to the same extent as First-Classes' objections to ECISD's amended response were.

Enviro-Lite's first objection regarding ECISD's violation of the Court's Procedures is overruled as it does not contain an evidentiary objection.[236]

Enviro-Lite's eighth objection regarding ECISD's claim that Enviro-Lite breached the contract is overruled as it does not contain an evidentiary objection.[237]

Enviro-Lite's ninth objection regarding ECISD's claim that Enviro-Lite's complaint lacks merit is overruled as it does not contain an evidentiary objection.[238]

Enviro-Lite's tenth objection regarding ECISD's claim that it was excused from abandoning the contract is overruled as it does not contain an evidentiary objection.[239]

Enviro-Lite's twelfth objection regarding ECISD's use of testimony to support its claim that an expert is not needed to determine damages is overruled as it does not contain an evidentiary objection.[240]

Enviro-Lite's fourteenth objection regarding ECISD's argument that there are genuine issues of material fact regarding its DTPA claim is overruled as it does not contain an evidentiary objection.[241]

---

[234] *See* ECF No. 132.
[235] *Compare* ECF No. 127, *with* ECF No. 132.
[236] ECF No. 132 at 4.
[237] *Id.* at 5–6.
[238] *Id.*
[239] *Id.* at 6.
[240] *Id.* at 8.
[241] *Id.* at 9–10.

Lastly, Enviro-Lite's fifteenth objection regarding ECISD's reliance on the TDLR Report is overruled as it does not contain an evidentiary objection.[242]

### C.   ECISD's Objections to Enviro-Lite's Response to ECISD's Motion for Partial Summary Judgment

ECISD first objects to John Phillips' testimony December 7, 2017 deposition ("*Phillips*") at 55:24-56:7 on the basis that the best evidence of the scope of services is in the Contract itself.[243]   However, as stated above,[244] Mr. Phillips' testimony relating to the contract does not infringe on Federal Rule of Evidence 1002.   As such, ECISD's objection is overruled.

ECISD next objects that the question in Mr. Phillips' deposition at 140:21-141:9 assumes facts not in evidence, calls for speculation, and is not relevant.[245]   The question states:

> Q. Did the school district disclose their history of electrical problems to you before you started doing your work out there?
> A. No.
> Q. Did they tell you – give you any indication of what all problems they had in any way at any time, other than when the custodians and people you-all met out there?
> . . . .[246]

The Court sustains the objection under Rule 611 on the basis that it assumes facts not in evidence.

ECISD's last objection relates to Enviro-Lite's exhibit 23, the deposition of A.J. Honore. ECISD argues that Enviro-Lite failed to cite to any particular pages or excerpts.[247]   ECISD is correct that Enviro-Lite has failed to refer to Mr. Honore's deposition, and thus sustains the objection.[248]

---

[242] *Id.* at 12, 17–19.
[243] ECF No. 130 at 3.
[244] *See supra* at 27.
[245] ECF No. 130 at 3.
[246] ECF No. 103-1 at 38.
[247] ECF No. 130 at 3.
[248] *See Ragas v. Tennessee Gas Pipeline Co.*, 136 F.3d 455, 458 (5th Cir. 1998).

### D.      Enviro-Lite's Objections to ECISD's Reply In Support of Its Motion For Partial Summary Judgment As To Its Breach of Contract Claim And Enviro-Lite's Claims Against ECISD.

For objections 1, 2, 3, and 5, Enviro-Lite objects that ECISD made a series of attorney arguments.[249]   There being no proper evidentiary objection before it, the Court overrules objections 1, 2, 3, and 5.   For objection 4, Enviro-Lite objects that ECISD's reliance on Bill Hamilton's report is inadmissible hearsay.   The Court has already disposed of this issue supra.[250] Regardless, Rule 56(c)(3) states that an objection may be made when the specific material would not be presented in a form that would be admissible in evidence.   The Court cannot say at this stage whether Bill Hamilton's report would or would not be admissible, especially if Mr. Hamilton was designated as an expert.   As such, objection 4 is overruled.   With the objections disposed of, the Court turns to Enviro-Lite and ECISD's motion for summary judgment.

### E.      Breach of Contract Claim Against Enviro-Lite

ECISD asserts that it is entitled to summary judgment on its breach of contract claim against Enviro-Lite.[251]   For breach of contract ECISD must prove: (1) there was a valid contract between ECISD and Enviro-Lite; (2) there was performance or tendered performance by ECISD; (3) there was a breach of contract by Enviro-Lite; and (4) there were damages to ECISD as a result of the breach.[252]   However, ECISD does not move on the damages portion of the breach, but instead focuses on the liability aspect.[253]

A breach of contract occurs when a party fails to perform an act that it has expressly or impliedly promised to perform,[254] or when one party to a contract prevents another party to the

---

[249] *See* ECF No. 138 at 4–5.
[250] *See supra* at 24.
[251] ECF No. 97 at 12.
[252] *Villarreal v. Wells Fargo Bank, N.A.*, 814 F.3d 763, 767 (5th Cir. 2016).
[253] ECF No. 97 at 12.
[254] *Balfour Beatty Rail, Inc. v. Kansas City S. Ry. Co.*, 173 F.Supp.3d 363, 395 (N.D. Tex. 2016).

contract from performing its side of the bargain.[255]  The Court determines—as a matter of law—what the contract requires of the parties.[256]  But when the terms of a contract are clear and unambiguous, and the facts surrounding the breach or performance are undisputed or conclusively established, the issue of whether the facts show performance or breach are also decided as a matter of law.[257]

Regarding the first element, neither ECISD nor Enviro-Lite disputes there was a valid contract.[258]  Regarding the second element, ECISD argues that performance was completed by paying all of the amounts owed under the contract.[259]  ECISD paid the following amounts under the contract:

> Cavazos, for $119,025.76;[260]
> De Escandon Elementary for $116,705.13.[261]
> Eisenhower Elementary, for $112,308.15;[262]
> Monte Cristo Elementary for $107,781.52;[263]
> Truman Elementary, for $131,675.58;[264]
> Zavala Elementary for $138,144.00;[265]

Enviro-Lite contends that ECISD did not perform because ECISD breached the contract through their violation of the equipment modification/removal clause and because ECISD did not allow Enviro-Lite the opportunity to cure.[266]  However, such allegations are not relevant as to ECISD's performance of the Contract.   Here, ECISD has put forth evidence that demonstrates they

---

[255] *See Texas Nat'l Bankr v. Sandia Mortg. Corp.*, 872 F.2d 692, 699 (5th Cir. 1989).
[256] *See Meek v. Bishop Peterson & Sharp, P.C.*, 919 S.W.2d 805, 808 (Tex.App.–Houston [14th Dist.] 1996, writ denied).
[257] *Id.*
[258] ECF No. 77 at 4.
[259] ECF No. 97 at 12.
[260] ECF No. 115-9 at 12.
[261] *Id.* at 58.
[262] *Id.* at 102.
[263] *Id.* at 172.
[264] *Id.* at 233.
[265] *Id.* at 281.
[266] ECF No. 103 at 2.

performed, and Enviro-Lite has not put forth any evidence that disputes this.  Therefore, ECISD has fulfilled the second element.

For the third element, ECISD must show that Enviro-Lite breached the contract.  A breach of contract occurs when a party fails to perform an act that it expressly or impliedly promised to perform.[267]  ECISD relies on the Contract to prove that Enviro-Lite breached by: (1) failing to obtain government permits, consents, and authorizations; (2) failing to install certified energy efficient LED lights; and (3) failing to ensure that all installed equipment was in proper and good working condition.[268]

As to the allegation that Enviro-Lite failed to obtain government permits, consents, and authorizations, ECISD cites to Section 14 of the Contract, which states that "PROMLITE shall be responsible for obtaining all governmental permits, consents, and authorizations as may be required to perform its obligations hereunder."[269]  Easily enough, Enviro-Lite admits that it did not get the proper permits prior to completing the work.[270]  Enviro-Lite contends that receiving the permits was a non-issue, and cites to testimony of Natalie Velasquez for the proposition that the permits could have been attained with proper documentation retroactively after the work was completed.[271]  However, the exhibit Enviro-Lite cited to does not state this or anything remotely close to this.  Enviro-Lite also relies on John Phillip's testimony where he stated that because Enviro-Lite was not the electrician performing the work, they were not the entity to pull the permit.[272]  However, as  ECISD points out, the Contract made Promlite or Enviro-Lite responsible for ensuring that a permit was obtained.[273]  Not only that, Enviro-Lite conceded that

---

[267] *Balfour Beatty Rail, Inc.*, 173 F. Supp. 3d at 395.
[268] ECF No. 97 at 12–15.
[269] ECF No. 97-2 at 5.
[270] ECF No. 97-4 at 7.
[271] ECF No. 103 at 16.
[272] *Id.* at 16.
[273] ECF No. 130 at 4.

at the time of the project, there were no licensed electrician contractors performing the work on the Contract.[274]   Because Enviro-Lite failed to obtain a permit at all, Enviro-Lite's argument fails.

ECISD then claims that Enviro-Lite additionally breached the Contract by failing to install energy certified LED lights.[275]   Per the Contract, the LED lighting "must be qualified under Energy Star or Design Lights Consortium programs and eligible for energy incentive rebate program."[276]   While ECISD claims that the company Intertek tests, certifies, and validates bulbs for compliance, no evidence was brought forth in this regard.[277]   John Phillips acknowledged in his deposition that not all of the lighting tubes installed were certified.[278]   Enviro-Lite contends that the remedy afforded to it was to cure, as stated by the contract.[279]   ECISD argues that while Enviro-Lite sent ECISD a proposal to cure, Enviro-Lite did not follow through with a design package, documentation of a city permit or approval, and they did not submit a bid to solve the problems.[280]

Lastly, ECISD claims that Enviro-Lite breached the contract by failing to ensure that the lights were installed in proper and working condition.[281]   ECISD relies on Section 5 of the Contract, which states "Promlite covenants agrees that all equipment installed, as part of this Agreement, will be in good and proper working condition and provides a service warranty covering all parts and equipment performance."[282]   ECISD alleges that as soon as the lights were

---

[274] ECF No. 97-4 at 6.
[275] ECF No. 97 at 13.
[276] ECF No. 97-2 at 7.
[277] ECF No. 97 at 13–14.
[278] ECF No. 97-4 at 5.
[279] ECF No. 92 at 4.
[280] ECF No. 130 at 5.
[281] ECF No. 97 at 15.
[282] ECF No. 97-2 at 3.

installed by Enviro-Lite, there were flickering issues with the dimmable LED lights.[283] Additionally, ECISD shows through the TDLR Agreement that Enviro-Lite's contracted electrician, Mr. Huerta Jr., failed to read the instructions of the dimmable LED lights prior to installing the first set of dimmers and realized after the installation that the dimmers and wiring were incompatible.[284] ECISD also contends that there was a burning odor from a light fixture at one of the schools, which also started smoking.[285] ECISD states that prior to the installation of the dimmable LED lights and dimmer switches the lighting systems complied with the law, but after Enviro-Lite's installation, they no longer did.[286]

Enviro-Lite contends that changing out the wiring was outside the scope of the contract written by ECISD themselves, as Enviro-Lite was hired just to change out the lights.[287] Enviro-Lite also relies on Tony Nicanor's statement, in which he stated that the schools had pre-existing conditions that were unrelated to the Enviro-Lite contract or work that was performed.[288] Enviro-Lite also relies on Dr. Salina's testimony, where he states that ECISD ordered Enviro-Lite to install the new dimmer switches, and that the decision to install new dimmers was "on the hands of Sigma and the school district."[289] Additionally, Enviro-Lite relies on the June Memorandum written by ECISD, which divided up Sigma's recommendations and assigned the rewiring responsibility to ECISD.[290] Enviro-Lite also cites to Carlos Lima's statement to the ECISD Board, where he stated that "we have 100% functionality with the LED lights on the six

---

[283] ECF No. 97 at 15.
[284] *See* ECF No. 129-3.
[285] ECF No. 97 at 15.
[286] *Id.*
[287] ECF No. 103 at 7.
[288] *Id.* at 8.
[289] *Id.*
[290] *Id.* at 9.

schools,"[291] and also cites to Tony Nicanor's statement at the ECISD Board Meeting, where he stated that there was nothing wrong with the way Enviro-Lite retrofitted the light fixtures.[292]

Ultimately, Enviro-Lite failed to obtain government permits, permission, or consent, and failed to use a licensed electrician to complete the work as required by the contract. The last prong ECISD must prove is that it suffered damages. ECISD was only moving on the liability portion of the breach of contract claim to streamline the issues for trial, so ECISD is not moving on the damages in its motion. Enviro-Lite contends that ECISD does not have admissible damages, therefore there is no breach of contract claim.[293] ECISD clearly stated that it was not moving on damages in this motion and would do so during trial.[294] ECISD also provided documents during discovery that demonstrated monetary damages.[295]

ECISD has demonstrated that Enviro-Lite breached the contract by failing to collect the permits and failing to hire certified electricians to perform the electrical work. Enviro-Lite failed to establish a genuine issue of material fact regarding the failure to obtain government permits and utilizing certified electricians. Thus, the Court grants ECISD's motion for partial summary judgment against Enviro-Lite regarding ECISD's breach of contract claim.

## F.    Enviro-Lite's Breach of Contract Claim Against ECISD

Enviro-Lite similarly states a claim for breach of contract against ECISD.[296] Enviro-Lite argues that by failing to allow Enviro-Lite to rectify the lighting fixtures as per the Contract, ECISD is liable for breaching the Contract.[297]   ECISD counters that it did not breach the

---

[291] *Id.* at 10.
[292] *Id.*
[293] ECF No. 138 at 14.
[294] ECF No. 130 at 7.
[295] *Id.*
[296] ECF Nos. 77, 92.
[297] ECF No. 92 at 12.

Contract because their performance under the Contract was excused after Enviro-Lite breached the Contract.[298]

Here, not only was it already established that ECISD paid for the Contract in full for the dimmable LED lighting retrofit,[299] but the Court also found that Enviro-Lite breached the Contract by failing to get the necessary and proper governmental permits.  Thus, finding that Enviro-Lite's breach excused ECISD's performance, the Court denies summary judgment as to Enviro-Lite's breach of contract claim.

### G.   Economic Loss Argument Against ECISD

Enviro-Lite argues that the Economic Loss rule precludes ECISD's claims against Enviro-Lite.[300]  The Court already found that the economic loss rule does not preclude the claims asserted.[301]  Therefore, Enviro-Lite's argument fails.

### H.   Enviro-Lite's Negligence Per Se Argument

Enviro-Light argues that ECISD's negligence per se claim against it must be dismissed because ECISD has failed to demonstrate that it is within the class of people sought to be protected by the statute.[302]  However, the Court has already determined that there are genuine disputed issues as to proximate cause, a necessary element of negligence per se.  Thus, Enviro-Lite's negligence per se argument fails.

### I.   Enviro-Lite's Negligence, Product Liability, and Fraud Claims Against ECISD

Enviro-Lite makes less of an effort to argue that ECISD's claims for general negligence, negligent failure to warn, negligent failure to recall, gross negligence, fraud, and product liability

---

[298] ECF No. 107 at 4.
[299] ECF No. 115-9.
[300] ECF No. 92 at 17.
[301] *See supra*.
[302] ECF No. 92 at 19.

should be dismissed.[303]   Again, most confusingly, Enviro-Lite argues they should be dismissed, which is not appropriate at this stage.   Regardless, Enviro-Lite simply alleges that ECISD's remaining claims are frivolous and/or based on unsupported attorney testimony.[304]   With Enviro-Lite failing to meet its burden, the Court denies its summary judgment as to ECISD's remaining claims.   Thus, disposing of Enviro-Lite and ECISD's motions, the Court turns to ECISD and Promlite's motions for summary judgment.

### 4.   Promlite and ECISD's Motions for Summary Judgment

On February 12, 2020, Promlite filed its motion for summary judgment against ECISD.[305] A day later, ECISD filed its motion for summary judgment against Enviro Lite.[306] ECISD simply asserts a breach of contract claim against Promlite.[307]   Promlite's motion is almost exactly like Enviro-Lite's motion, and is still far from clear what it seeks; the Court gathers that it seeks a ruling on its breach of contract claim, a ruling on its economic loss theory, and a ruling on its negligence, product liability, and fraud claims.[308]   Because Enviro-lite and ECISD's motions deal with each other, the Court will dispose of both motions here.   Before that, the Court must dispose of the parties' objections.

### A.   ECISD's Objections to Promlite's Motion for Summary Judgment

ECISD presents a list of 29[309] objections to Promlite's motion for summary judgment.[310] However, each objection is exactly identical to ECISD's objections to Enviro-Lite's motion for summary judgment.[311]   Therefore ECISD's objections to Promlite's motion for summary

---

[303] ECF No. 92.
[304] *Id.* at 19–20.
[305] ECF No. 94.
[306] ECF No. 98.
[307] *Id.*
[308] ECF No. 94.
[309] Although numbered 30, question 24 is blank.  *See* ECF No. 111.
[310] *See* ECF No. 109.
[311] *Compare* ECF No. 110, *with* ECF No. 109.

judgment are disposed of to the same extent as ECISD's objections to Enviro-Lite's motion for summary judgment were.

**B.      Promlite's Objections to ECISD's Amended Response to Promlite's Motion for Summary Judgment**

Promlite presents a list of 13 objections to ECISD's amended response.[312]   However, objections 1, 2, 3, 4, 5, 6, 7, 9, 11, and 12 are identical to Enviro-Lite's objections to ECISD's amended response.[313]   Therefore the above listed objections are disposed of to the same extent as Enviro-Lite's objections to ECISD's amended response were.   Promlite's remaining objections, 8 and 10, relate to alleged ratification issues, and how Promlite has already "refuted" these issues, and how ECISD attempts to blame Promlite for issues that were already blamed on Enviro-Lite.[314]   The Court cannot make out one distinct evidentiary argument.   As such, the Court overrules objections 8 and 10.

**C.      Promlite's Objections to ECISD's Motion for Summary Judgment**

Promlite similarly makes the same objection within its response in opposition to ECISD's motion for summary judgment.[315]   Because Promlite's objection lacks any evidentiary basis, it is overruled.

**D.      ECISD's Objections to Promlite's Response to ECISD's Motion For Summary Judgment As To Its Breach Of Contract Claim**

ECISD presents three objections to deposition testimony promulgated by Promlite.[316] ECISD first objects to John Phillips' testimony December 7, 2017 deposition ("*Phillips*") at 55:24-56:7 on the basis that the best evidence of the scope of services is in the Contract itself.[317]

---

[312] ECF No. 131.
[313] *Compare* ECF No. 132, *with* ECF No. 131.
[314] *See* ECF No. 131 at 6-7.
[315] ECF No. 102.
[316] ECF No. 133.
[317] ECF No. 133 at 3.

However, just as it was similarly stated above,[318] Mr. Phillips' testimony relating to the contract does not infringe on Federal Rule of Evidence 1002.  As such, ECISD's first objection is overruled.

ECISD's second objection is that Promlite misstates what ECISD knew and misstates Mr. Phillips' answer to the question.[319]  The Court overrules the objection as ECISD's objection lacks any evidentiary basis.

ECISD's third objection is that Mr. Phillips cannot testify as to what Sigma knew or didn't know.[320]  The Court sustains the objection under Rule 611 as Mr. Phillips was not competent to testify as to what Sigma's knowledge was.

### A.    Promlite's Objections to ECISD's Motion For Partial Summary Judgment Evidence Regarding Its Breach of Contract Claim

Lastly, Promlite offers 6 objections to ECISD's summary judgment evidence.[321]  In addition, Promlite generally argues that there is an inadmissible hearsay objection, but does not identify which objections it is related to.  As such, the Court finds that all 6 objections are mere attorney argument that lacks any evidentiary basis.[322]  As such, the Court overrules all of Promlite's objections.  With all objections disposed of, the Court now turns to ECISD and Promlite's motions.

### B.    ECISD's Breach of Contract Claim as against Promlite

ECISD filed its motion for partial summary judgment against Promlite for breach of contract under the theory of ratification.[323]  Ratification of a contract is a person's adoption or confirmation, with knowledge of all material facts, of a prior act that did not then legally bind the

---

[318] *See supra*, at 27.
[319] ECF No. 133 at 3.
[320] *Id.*
[321] ECF No. 135 at 4.
[322] *See id.*
[323] ECF No. 98 at 11-12.

person, and that the person had the right to repudiate.[324]   Thus, under Texas law, if a party acts in

a manner that recognizes the validity of the contract with full knowledge of the material terms of

the contract, the party has ratified the contract and may not later withdraw its ratification and

seek to avoid the contract.[325]   A ratification will exist when the individual for whom an act was

done retains the benefits of a transaction after acquiring full knowledge of the transaction.[326]

Therefore, ratification requires: (1) approval by act, word, or conduct; (2) with full knowledge of

the facts of a prior act; and (3) with the intention of giving validity to the prior act.[327]   Thus

ECISD's burden is to show that (1) Promlite approved by act, word, or conduct of the Contract

negotiated between ECISD and Enviro-Lite; (2) with full knowledge of the facts of the Contract;

and (3) with the intention of giving validity to the Contract.

      First, ECISD argues that Promlite ratified the Contract by retaining the five (5) percent

payments from Enviro-Lite.[328]   Under Texas law, retaining of the benefits of the contract is one

way of showing ratification of the contract.[329]   It is undisputed that Promlite accepted the five

percent payments from Enviro-Lite.   Because evidence of Promlite's retainer of the benefits of

the Contract between ECISD and Enviro-Lite is undisputed, ECISD has successfully proved the

first element of its ratification claim.

      As to the second element, ECISD fails to effectively argue that Promlite had knowledge

of all material facts of the Contract.   In fact, it misinterprets Texas law on ratification.

Specifically, ECISD asserts that Promlite knew of the Contract's existence, but erroneously

concludes that Promlite's mere knowledge of the Contract's existence satisfies the "full

---

[324] Tex. Jur. 3d *Contracts* § 104.
[325] *Malin Intern. Ship Repair and Drydock Inc. v. Oceanografia, S.A. de C.V.*, 817 F.3d 241 (5th Cir. 2016).
[326] *McWhorter v. Sheller*, 993 S.W. 2d 781 (Tex. App.—Houston [14th Dist.] 1999).
[327] *Lawrence v. Reyna Realty Group*, 434 S.W. 3d 667 (Tex. App.—Houston [1st Dist.] 2014).
[328] ECF No. 98 at 11–12.
[329] *United States v. McBride*, 571 F. Supp. 596, 612–613 (S.D. Tex. 1983).

knowledge of the transaction" requirement of the law on ratification.[330]   As federal and state courts have explained[331] ratification requires a party to have knowledge of the "material" or "relevant" facts of a transaction, not mere knowledge of the existence of the transaction.   As ECISD admits in its own motion, Promlite did not have knowledge *of the facts* of the Contract, only that a Contract had occurred.[332]  ECISD thus misapplies Texas law on ratification which requires that the ratifying party have knowledge *of all material facts* of the transaction, not merely that the party have knowledge that a transaction has occurred.   At the very least, there remains a fact question as to what Promlite knew and understood all of the material facts of the Contract between ECISD and Enviro-Lite.   Therefore, ECISD has failed to establish that Promlite had "full knowledge" of the transaction as is required under the theory of ratification.

Finally, ECISD does not address the third element which requires that the party alleged to have ratified a transaction must have conducted itself "with the intention of giving validity to the transaction."[333]   Presumably, ECISD believes that Promlite's acceptance of the five percent payments is sufficient to establish its intent to give validity to the transaction, but ECISD is silent as to this question.

In any event, because a fact issue remains regarding Promlite's knowledge of the relevant or material facts of the transaction between ECISD and Enviro-Lite, ECISD's motion for partial summary judgment against Promlite for breach of contract is DENIED.   The remainder of ECISD's Motion attempts to establish liability against Enviro-Lite for breach of contract.[334] Specifically, ECISD alleges that Enviro-Lite materially breached the Contract by (1) failing to

---

[330] ECF No. 98 at 12.
[331] *See Malin Intern. Ship Repair and Drydock Inc.*, 817 F.3d 241; *Spellman v. American Universal Inv. Co.*, 687 S.W. 2d 27 (Tex. App.—Corpus-Christi 1984).
[332] ECF No. 98. at 3–5; ECF No. 98 Exhibit D at 60–67.
[333] *Lawrence v. Reyna Realty Group*, 434 S.W. 3d 667 (Tex. App.—Houston [1st Dist.] 2014).
[334] ECF No. 98 at 12–16.

obtain permits[335]; (2) failing to install certified LED lights[336]; and (3) failing to ensure all equipment was installed in good and proper working condition.[337]   Because this part of the ECISD's motion is to Enviro-Lite's liability, and not Promlite's, the Court need not address it.

### C.   Promlite's Breach of Contract Argument

Promlite argues against  ECISD's breach of contract claim.[338]   Promlite's motion is almost exactly identical to Enviro-Lite's motion.[339]   Promlite argues that by failing to allow Enviro-Lite to rectify the lighting fixtures as per the Contract, ECISD is liable for breaching the Contract.[340]   ECISD counters that it did not breach the Contract because their performance under the Contract was excused after Promlite/Enviro-Lite breached the Contract.[341]

Here, not only was it already established that ECISD paid the Contract in full for the dimmable LED lighting retrofit,[342] but the Court also found that Enviro-Lite breached the Contract by failing to get the necessary and proper governmental permits.   Thus, the Court denies summary judgment as to Promlite's breach of contract claim.

### H.   Economic Loss Argument Against ECISD

Promlite, just like Enviro-Lite[343] argues that the Economic Loss rule precludes ECISD's claims against Promlite.[344]   The Court found that the economic loss rule does not preclude the claims asserted.   Therefore, Promlite's argument fails.

### I.   Promlite's Negligence Per Se Argument

---

[335] *Id*. at 13–14.
[336] *Id*. at 14–15.
[337] *Id*. at 15–16.
[338] ECF Nos. 77, 92.
[339] *Compare* ECF No. 92, *with* ECF No. 94.
[340] ECF No. 94 at 12-13.
[341] ECF No. 105 at 6.
[342] ECF No. 115-9.
[343] *See* ECF No. 92.
[344] ECF No. 94.

Promlite, just like Enviro-Lite,[345] argues that ECISD's negligence per se claim against it must be dismissed.[346]   However, the Court has already determined that there are genuine disputed issues as to proximate cause, a necessary element of negligence per se.  Thus, the Court denies summary judgment as to ECISD's negligence per se claim.

### J.   Promlite's Negligence, Product Liability, and Fraud Claims Against ECISD

Unsurprisingly, Promlite, almost identical to Enviro-Lite,[347] makes less of an effort to argue that ECISD's claims for general negligence, negligent failure to warn, negligent failure to recall, gross negligence, fraud, and product liability should be dismissed.[348]   Again, most confusingly, Promlite argues they should be dismissed, which is not appropriate at this stage. Regardless, Promlite simply alleges that ECISD's remaining claims are frivolous and/or based on unsupported attorney testimony.[349]  With Promlite failing to meet its burden, the Court denies its summary judgment as to ECISD's remaining claims.

### III.    CONCLUSION

An Order consistent with this Memorandum Opinion will be simultaneously entered on the docket herewith.

SIGNED 07/30/2020.

Eduardo V. Rodriguez
United States Bankruptcy Judge

---

[345] *See* ECF No. 92.
[346] ECF No. 94.
[347] *See* ECF No. 92.
[348] ECF No. 94.
[349] *Id.*